IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Jerry W. Nelson, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> James Brandfass, ) <br> ) <br> Defendant. ) <br> ) | Civil Action No. 6:12-1908-JFA-KFM <br><br> **REPORT OF MAGISTRATE JUDGE** |

       This matter is before the court on the defendant's motion for summary judgment (doc. 11). The plaintiff, a state prisoner proceeding *pro se*, seeks relief pursuant to Title 42, United States Code, Section 1983.

       Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(d) DSC, this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983, and submit findings and recommendations to the District Court.

       The defendant removed the instant action from state court based on federal question subject matter jurisdiction. On August 24, 2012, the defendant filed a motion for summary judgment. By order filed August 24, 2012, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion. The plaintiff filed his response in opposition on September 24, 2012, and the defendant filed a reply on October 4, 2012. The plaintiff submitted an identical copy of his response on October 9, 2012, which was filed by the Clerk of Court as a sur-reply. Along with that sur-reply, the plaintiff submitted a declaration from another prisoner, David Keith Buff. The

plaintiff submitted additional attachments to his response in opposition to the motion for summary judgment on November 8, 2012.

**FACTS PRESENTED**

The plaintiff is an inmate at Lieber Correctional Institution, a facility of the South Carolina Department of Corrections ("SCDC"). He alleges in his complaint that defendant Brandfass, a Registered Nurse employed by the SCDC at Lieber, has violated his civil rights by withholding and refusing to give him sleep medication (comp. 2). The plaintiff alleges that the defendant has denied him of his sleep medication "constantly" for "the past three years" (*id.*). He alleges that his "sleep depression" is a serious medical need and that the defendant's denial of medication amounts to a constitutional deprivation (*id.* 2-4). He further claims that the defendant "has a very, very bad attitude toward Blacks in general" (*id.* 3).

The plaintiff pled guilty to and is currently serving a 20-year sentence for assault and battery with intent to kill (def. m.s.j., ex. 1, 2). While he has been incarcerated, the plaintiff has amassed an extensive history of violent assaultive and non-assaultive disciplinary charges (*id.*, ex. 1). For disciplinary reasons, the plaintiff at all times relevant to the complaint was housed in Lieber's Special Management Unit ("SMU") (*id.*, ex. 3). The plaintiff is housed in a single cell with a flap on the cell door that opens and closes ((def. aff. ¶ 5). Due to the fact that two nurses were assaulted through the cell door flap by inmates during medication administration, it is now the Warden's directive that during medication administration, the inmate is directed by the corrections officer escorting the nurse to step back away from the cell door (*id.*; def. reply, ex. 1). The penological objective of this directive is for the safety and security of the medical staff (def. aff. ¶ 6). If the inmate steps back and remains at a distance from the cell window, his medication is placed in the cell flap, and the inmate retrieves the medication (*id.*¶ 5). If the inmate does not comply after repeated warnings, he is deemed to have refused his medications for that particular

medication administration period (*id.*).  The inmate's refusal is documented on a Refusal of Medication Advice Form that is signed by the nurse and counter-witnessed by the escorting corrections officer (*id.*).  The refusal is also documented on the SCDC Medication Administration Record (*id.*).  Nurse Brandfass also documents the medication refusal on the inmate's medical encounter notes (*id.*).

The plaintiff alleges that the defendant has consistently denied his sleep medication ("Rest-a-tell") for the "past three years" (comp. 2).  However, Nurse Brandfass has only worked at Lieber since August 2010[1] (def. aff. ¶ 1).  The plaintiff cites only one specific date, May 5, 2012, in his complaint (comp. 4).  The defendant submitted evidence showing that on May 5, 2012, the plaintiff refused to step away from the cell door window as the defendant attempted to administer his medication (def. aff. ¶ 4; def. m.s.j., ex. 4, 5, 6).  Nurse Brandfass signed off on the plaintiff's refusal on a Refusal of Medical Advice Form (*id.*, ex. 4).  Nurse Brandfass also documented the plaintiff's refusal in the Medical Encounter Notes (*id.*, ex. 5) and in the plaintiff's Medication Administration Record (*id.*, ex. 6).

In addition to the above documentation, the occurrence was also recorded as an Incident Report prepared by Corrections Officer Jeremy Johnson (def. m.s.j., ex. 7).  The Incident Report states that Johnson was escorting the defendant on Max B wing of SMU on May 5, 2012, for the purpose of inmate medication administration.  The report states that the plaintiff was given two verbal directives to step back from the cell door flap. The report also clearly indicates that the plaintiff refused to comply with these verbal directives, and, as such, the plaintiff refused to get his medications (*id.*).

While May 5, 2012, is the only date cited in the plaintiff's complaint, the evidence before the court shows that it is not the only date on which the plaintiff has refused

---

[1] The plaintiff filed his complaint in state court on May 30, 2012.

3

his medications by virtue of his failure to follow security protocol and officer directives (def. aff. ¶ 7 ; def. m.s.j., ex. 5). Between April 6, 2012 and July 8, 2012, the plaintiff refused his medications on at least 13 separate occasions, including the May 5, 2012, incident described above (def. aff. ¶ 7; def. m.s.j., ex. 5). Of the 13 documented such refusals, only three involved the defendant (def. m.s.j., ex. 5).

## **APPLICABLE LAW AND ANALYSIS**

Federal Rule of Civil Procedure 56 states, as to a party who has moved for summary judgment: "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). As to the first of these determinations, a fact is deemed "material" if proof of its existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.,* 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the district court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings; rather, he must demonstrate that specific, material facts exist that give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the plaintiff's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of

4

the summary judgment motion. *Ross v. Communications Satellite Corp.,* 759 F.2d 355, 365 (4th Cir. 1985), *overruled on other grounds,* 490 U.S. 228 (1989). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson,* 477 U.S. at 248.

### *Deliberate Indifference*

Although the Constitution does require that prisoners be provided with a certain minimum level of medical treatment, it does not guarantee to a prisoner the treatment of his choice." *Jackson v. Fair,* 846 F.2d 811, 817 (1st Cir. 1988). The government is "obligat[ed] to provide medical care for those whom it is punishing by incarceration." *Estelle v. Gamble,* 429 U.S. 97,102 (1976). This obligation arises from an inmate's complete dependency upon prison medical staff to provide essential medical services. *Id.* The duty to attend to prisoners' medical needs, however, does not presuppose "that every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." *Id.* at 105. Instead, it is only when prison officials have exhibited "deliberate indifference" to a prisoner's "serious medical needs" that the Eighth Amendment is offended. *Id.* at 104. As such, "an inadvertent failure to provide adequate medical care" will not comprise an Eighth Amendment breach. *Id.* at 105-106.

In order to state a claim, "[a] plaintiff must satisfy two elements . . . : he must show a serious medical need and he must prove the defendant's purposeful indifference thereto." *Sires v. Berman*, 834 F.2d 9, 12 (1st Cir. 1987). With regard to the objective component, a medical need is "serious" if "it is diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would recognize the necessity for a doctor's attention." *Gaudreault v. Municipality of Salem, Mass.,* 923 F.2d 203, 208 (1st Cir. 1990). "Plaintiffs must also show the subjective component-deliberate indifference.

5

An officer is deliberately indifferent only when he 'knows of and disregards' the risk posed by the serious medical needs of the inmate." *Iko v. Shreve*, 535 F.3d 225, 241 (4th Cir. 2008) (citing *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). Mere negligence or malpractice does not violate the Eighth Amendment. *Grayson v. Peed*, 195 F.3d 692, 695 (4th Cir. 1999). Moreover, disagreements between an inmate and a physician over the inmate's proper medical care do not state a Section 1983 claim unless exceptional circumstances are alleged. *Wright v. Collins*, 766 F.2d 841, 849 (4th Cir. 1985).

In his response in opposition to the motion for summary judgment, the plaintiff states that he takes medication for high blood pressure, a muscle relaxer, and psychological medication for his mood and behavior disorder and because he hears voices (pl. resp. m.s.j. 5). He claims that the defendant has refused to give him his medication unless he steps to the back of the cell, sits down with his ankles crossed, or lays down on his bed with his hands and feet crossed, which is not required of other inmates (*id.* 3). He does not state which medicines the defendant refused to give him, and he does not mention the sleep medication that was referenced in his complaint.

Assuming for purposes of this motion that the plaintiff can satisfy the first prong of the *Estelle* test by showing that his medical need was serious, he cannot satisfy the subjective prong. As clearly stated in his affidavit and as supported by the exhibits attached to the motion for summary judgment, the defendant did not refuse to give the plaintiff his medication. On the contrary, it was the plaintiff who refused to accept his medication by his actions, namely his failure to comply with the officer's directive to step back from the cell door flap. This is not the defendant's personal policy nor is it arbitrary in nature. The medication administration policy was dictated by the Warden and serves a legitimate goal, the safety of the medical staff and corrections officers. There is no evidence that Nurse Brandfass acted with a sufficiently culpable state of mind required to support this Eighth Amendment claim. *See Iko*, 535 F.3d at 238 (citing *Williams v.*

*Benjamin*, 77 F.3d 756, 761 (4th Cir. 1996)). Based upon the foregoing, the plaintiff's constitutional claim fails.

***State Law Claims***

In his complaint filed in state court, the plaintiff states that the instant action was brought under the South Carolina Tort Claims Act. Further, in his response to the motion for summary judgment, the plaintiff states that the action is brought under the South Carolina Tort Claims Act against the SCDC[2] for gross negligence and medical malpractice (pl. resp. m.s.j. 1). Having found that the defendant is entitled to summary judgment regarding the plaintiff's constitutional claim, it is recommended that the court decline to exercise supplemental jurisdiction over any claim for relief asserted pursuant to state law and that the plaintiff's state law claim be remanded to state court for adjudication. *See* 28 U.S.C. § 1367(c)(3). *See also Johnson v. Ozmint*, 456 F.Supp.2d 688, 698 (D.S.C. 2006) (granting summary judgment to defendants on federal claims and remanding South Carolina Tort Claims Act claims to state court).

## **CONCLUSION AND RECOMMENDATION**

Wherefore, based upon the foregoing, this court recommends that the defendant's motion for summary judgment (doc. 11) be granted. Should the district court adopt this court's recommendation, any pending nondispositive motions shall be rendered moot.

IT IS SO RECOMMENDED.

November 15, 2012  s/ Kevin F. McDonald
Greenville, South Carolina  United States Magistrate Judge

---

[2]The SCDC is not a named defendant in this action.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 300 East Washington St, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984.