IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Jerry W. Nelson, | ) | C/A No.:  6:12-1908-JFA-KFM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| James Brandfass, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |

The *pro se* plaintiff, Jerry Nelson, brings this action pursuant to 42 U.S.C. § 1983 contending that the defendant violated his constitutional rights by withholding and refusing to give him sleep medication.  Nelson is an inmate with the South Carolina Department of Corrections and during all times relevant to the complaint, he was housed in the Special Management Unit (SMU) of Lieber Correctional Institution.  The defendant removed this action to federal court based on federal subject matter jurisdiction.

The Magistrate Judge assigned to this action[1] has prepared a Report and Recommendation wherein he suggests that this court should grant the defendant's motion for summary judgment.[2]  The Report sets forth in detail the relevant facts and standards of law

---

[1]  The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02.  The Magistrate Judge makes only a recommendation to this court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court.  *Mathews v. Weber*, 423 U.S. 261 (1976).  The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).

[2]  An order was issued pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) notifying plaintiff of the summary dismissal procedure and possible consequences if he failed to adequately respond to the motion for summary judgment. Plaintiff responded to the motion.

on this matter, and the court incorporates such without a recitation and without a hearing.

The plaintiff was advised of his right to file objections to the Report and Recommendation and the plaintiff filed timely objections thereto.

Plaintiff complains that defendant Nurse Brandfass consistently denied him sleep medication. At Lieber's SMU, the Warden's directive requires that during medication administration, an inmate must step back from the cell door flap, remain at a distance while the medical staff places the medication in the cell flap, and then the inmate can retrieve the medication. This procedure is performed for the safety and security of the medical staff as a result of previous assaults by inmates through the cell flap during medication administration.

The plaintiff asserts that on May 5, 2012, the defendant refused to give him his medication. On that date, Nurse Brandfass attempted to administer the plaintiff's medication through the cell door flap. An Incident Report notes that the plaintiff refused to comply with the verbal directives to step back from the cell door flap, thus refusing his medication. The Magistrate Judge notes from the record that the plaintiff refused his medications on at least thirteen separate occasions between April 6, 2012 and July 8, 2012 as a result of the plaintiff's failure to follow security protocol.

The Magistrate Judge suggests that the plaintiff cannot meet the second, subjective prong of the deliberate indifference test of *Estelle v. Gamble*, 429 U.S. 97 (1976). As the Magistrate Judge notes, it was the plaintiff who refused his medication by his failure to comply with the correctional officer's directive to step back from the cell door flap. The

defendant did not act deliberately indifferent to the plaintiff's medical needs. As such, the plaintiff's constitutional claim must fail.

Further, this court agrees with the Magistrate Judge that the court should decline to exercise supplemental jurisdiction over the plaintiff's claims for relief under the South Carolina Tort Claims Act.

The court has conducted the required *de novo* review and finds the plaintiff's objections are duplicative of the original complaint, without merit, and are thus overruled.

After a careful review of the record, the applicable law, the Report and Recommendation, and the objections thereto, the court finds the Magistrate Judge's recommendation to be proper and incorporates the Report herein by reference.

Accordingly, the defendants' motion for summary judgment is hereby granted and this action is dismissed with prejudice. The plaintiff's motions for appointment of counsel and for a preliminary injunction and temporary restraining order are denied.

IT IS SO ORDERED.

March 8, 2013                                    Joseph F. Anderson, Jr.
Columbia, South Carolina                        United States District Judge

3